### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SAINT JOSEPH BAPTIST CHURCH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Case No. 1:10-cv-00132-KD-N |
| | * |
| AMERICAN STATES INSURANCE | * |
| COMPANY, AMERICAN ECONOMY | * |
| INSURANCE COMPANY, RIMKUS | * |
| CONSULTING GROUP, INC., J. | * |
| PHILLIP WILBOURNE II, P.E., and | * |
| ERIK P. MOORE, Individually, | * |
| | * |
| Defendants. | * |

### MOTION TO SET DATE FOR DISCOVERY RESPONSES AND RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL

Come now Defendants American states Insurance Company and American Economy Insurance Company and show unto the Court and move the Court as follows:

(1)   This motion is made after a telephone conference between the undersigned attorney and attorney for Plaintiff, E J. Saad, on July 29, 2010.  This pleading is also in response to Plaintiff's Motions to Compel directed to American States Insurance Company (Document No. 39) and American Economy Insurance Company (Document No. 40) and the Court's Order striking the Motions to Compel (Document No. 41).  It is the understanding of the undersigned after conference with attorney for Plaintiff that the Motions to Compel will be refiled.

(2)   Plaintiff filed discovery directed to Defendants American States and American Economy with the Complaint filed in state court in this case.  As required by the federal rules of civil procedure and local rules, counsel for all parties conferred on discovery matters and other matters in this case and also conducted a parties planning

meeting.  The Report of Parties Planning Meeting filed with the Court on May 3, 2010, set limits for various modes of discovery, but did not establish a time for responses to discovery.

(3) During the conferences surrounding the parties planning meeting and subsequently, attorneys for all parties discussed setting a date for responses to pending discovery, given the removal of the case and pending Motion to Remand.  By e-mail of April 29th, Plaintiff's counsel confirmed these discussions as follows:

> "Counsel,
> I did not mention that we agreed discovery responses for Plaintiff's written discovery will be handled in the following manner:
> 1. If the court rules the case remains in federal court, answers and responses will be due June 2, 2010.
> 2. If the court does not rule on the motion to remand before June 2, we will revisit the issue and extend the time accordingly.
> 3. If the court remands the case to state court, answers and responses will be due 15 days after the return to state court.
>
> If I have misstated the understanding, please let me know.
> E. J."

Subsequent to receipt of the above-email, counsel for all defendants advised that it was their understanding that this agreement as to discovery also encompassed requests for admissions.

(4) On June 2nd, the attorney for Rimkus and Wilbourne mailed all other attorneys as follows:

> "Gentlemen:
>
> My notes reflect that if the court did not rule on the motion to remand by June 2nd (today) we agreed to revisit the issue of the pending discovery to the defendants and extend the deadline accordingly.  To my knowledge the court has not ruled.  I suggest we continue under the same scenario and plan to revisit the issue on the date the court rules (if we stay in federal court), and calendar another update for June 15th.  Any suggestions?
>
> David A. Ward, Jr.

The Ward Law Firm"

Counsel for Plaintiff responded:

"Counsel,
    I agree with David. I suggest hold the status quo and revisit June 15 if we have not had a ruling.
EJ"

(5)   On July 21st, after receipt of the magistrate's recommendation, counsel for Plaintiff mailed all other counsel and stated, in part,

"Gentlemen,
. . .
    Secondly, I would like to receive defendant's discovery responses to interrogatories, request for production and request for admissions. We had agreed to a 15 day period following the end of our agreed moratorium on answering the discovery. Please let me (sic) if you can respond in that time period.

Thanks.
EJ"

(6)   The undersigned counsel for American States and American Economy has been on a short vacation, but is now in the process of responding to Plaintiff's discovery. These defendants request that the Court set a reasonable time for the responses to Plaintiff's discovery and would further request that that time limit be 15 days from today's date, or August 13, 2010.

WHEREFORE, Defendants American States and American Economy move the Court to enter an order setting the date August 13, 2010, as the date by which defendants must respond to Plaintiff's discovery.

Respectfully submitted,

                    /s/ Richard B. Garrett
                    Richard B. Garrett (ASB 0782-A29R)

OF COUNSEL:

Rushton, Stakely, Johnston &
   Garrett, P. A.
P. O. Box 270
Montgomery, Alabama 36101-0270

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing by electronic means with the Clerk of the Court, who will serve:

E. J. Saad, Esquire
James E. Atchison, Esquire
Matthew Andrews, Esquire
6207 Cottage Hill Road, Suite G
Mobile, Alabama 36609

Philip H. Partridge, Esquire
Bryan D. Smith, Esquire
Partridge, Smith, P. C.
3601 Spring Hill business Park, Suite 102
Mobile, Alabama 36608

Erik P. Moore
5404 Rowe Trail
Pace, Florida 32571


This the 19th day of July, 2010.

                                                //s/ Richard B. Garrett_____
                                                Of Counsel