IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAINT JOSEPH BAPTIST CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00132-KD-N |
| | ) | |
| AMERICAN STATES INSURANCE | ) | |
| COMPANY, AMERICAN ECONOMY | ) | |
| INSURANCE COMPANY, RIMKUS | ) | |
| CONSULTING GROUP, INC., J. PHILLIP | ) | |
| WILBOURN II, P.E., and | ) | |
| ERIK P. MOORE, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STRIKE AFFIDAVIT OF JAMES E. LAIER**

COME NOW Rimkus Consulting Group, Inc. and J. Phillip Wilbourn, II, P.E., two of the named Defendants to the above-styled cause, appearing by and through the undersigned counsel, and move this Court to strike the affidavit of James E. Laier, which Plaintiff offers in opposition to these Defendants' Motion to Dismiss, and as grounds therefore, would show as follows:

1. On July 6, 2010, U.S. Magistrate Judge Katherine P. Nelson recommended Plaintiff's Motion to Remand (Doc.12), as amended (Doc.17), be denied, and, furthermore, recommended that Plaintiff be directed to show cause why the Motions to Dismiss filed by these Defendants ought not to be granted. (Doc.33).

2. On July 21, 2010, St. Joseph filed its Statement of Objection to Judge Nelson's Recommendations concerning St. Joseph's Motion to Remand (Doc.35), its Brief in support of its

˘1˘

Objection and in Opposition to these Defendants' Motion to Dismiss (Doc.36), and its Pleading in Opposition to these Defendants' Motion to Dismiss (Doc.37).

3.  In support of both its Objections to Judge Nelson's Report and Recommendation, as well as its Opposition to these Defendants' Motion to Dismiss, St. Joseph relies upon an improper affidavit of a purported expert. The affidavit of James E. Laier, identified as Plaintiff's Exhibit 10 (Doc.37-2), is relied upon consistently throughout St. Joseph's brief.

4.  It is well settled that "a court may not go outside the pleadings when ruling on a motion to dismiss." *In re Healthsouth Corp. Securities Litigation*, 2000 WL 34211319, *2 (N.D.Ala.2000), citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11thCir.1999); *Chong v. Healthtronics, Inc.*, 2008 WL 2766143, *1 (C.A. 11(Ga.)); *Robert v. Abbett*, 2009 WL 902488, *19 (M.D. Ala. 2009), citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Moreover, affidavits are "clearly the sort of evidentiary material that is **not** appropriate at the 12(b)(6) stage." <u>Bryant</u> at 1280. If a court does consider evidence outside the pleadings, such as affidavits, then the motion to dismiss is converted into a motion for summary judgment. See *Fed. R. Civ. P.* 12(b)(6); *Robert* at *19; *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). However, if a court declines to consider evidence outside the pleadings that is attached to a Motion to Dismiss or any Opposition thereto, it may still review such a motion as one under Rule 12(b)(6). *See, e.g., Robert at *19, citing Austin v. Modern Woodman of America*, 275 Fed. Appx. 925, 926 (11th Cir. 2008) (unpublished opinion) (holding that because the court did not consider matters outside the pleadings, it did not err when it failed to treat the motion to dismiss as a motion for summary judgment). Without the conversion of the Defendants' Motion to Dismiss into one for summary judgment, the affidavit of James E. Laier

in support of Plaintiff's Opposition to these Defendants' Motion to Dismiss should be stricken.

5.  The affidavit of James E. Laier should furthermore be stricken due to James E. Lanier not properly being qualified as an expert pursuant to *Fed. R. Evid.* 702. *Fed. R. Evid.* 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The affidavit of James E. Lanier does not set forth sufficient facts concerning the knowledge, skill, experience, training, and education of James E. Lanier to qualify him as an expert witness in the area of standards of care for the practice of engineering. The affidavit of James E. Lanier merely states that he has been a licensed professional engineer in the State of Alabama since 1975 and is currently the Associate Dean of Engineering at the University of South Alabama. (Doc. 37-2). No Curriculum Vitae reflecting the education, experience, and training of James E. Lanier has been provided to reflect that he is an expert in the area of standards of care for engineers. Thus, James E. Lanier has not been properly qualified as an expert to offer opinion testimony as is set forth in his affidavit. Furthermore, his opinion set forth in his affidavit does not reflect that it is based on sufficient facts of the case before the Court and does not reference any established rules for professional conduct for engineers on which his opinions are based. Therefore, the affidavit of James E. Lanier should be stricken by the Court

6.  Should the Court convert Defendant's Motion to Dismiss (Doc. 37) into a Motion for

Summary Judgment, the affidavit of James E. Laier, identified as Plaintiff's Exhibit 10 (Doc. 37-2) is still due to be stricken. *Fed. R. Civ. Proc. 56(e)* provides that when affidavits are used to support or oppose a summary-judgment motion, they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The affidavit of James E. Laier does not reflect that Mr. Laier has any personal knowledge of the facts of this case and does not lay the proper foundation for Mr. Laier to be deemed an expert for him to be competent to testify to the matters stated in his affidavit and for his testimony to be admissible into evidence. A court may consider on summary judgment only those portions of an affidavit that would be admissible at trial. *Soles v. Board of Comm'rs of Johnson County*, 746 F. Supp. 106, 110 (S.D. Ga. 1990) (citing *Samuels v. Doctors Hosp., Inc.*, 588 F.2d 485, 486 n. 2 (5th Cir. 1979)). Any conclusory assertions or speculative inferences are inadmissible. *Shuford v. Ala. State Bd. Of Educ.*, 978 F. Supp. 1008, 1018 (M.D. Ala. 1997) (affiant's statements insufficient under Rule 56(e) because affiant "does not say what [was] the source of his knowledge" and it was "obvious from his statements that [he] was not personally around to observe everything about which he testifies"), *aff'd mem.* 152 F.3d 935 (11th Cir. 1998). If Mr. Laier is not properly qualified as an expert, his testimony will be inadmissible at trial and thus, inadmissible for purposes of an affidavit in support of a motion for summary judgment. In addition, any opinion testimony of Mr. Laier as an expert must involve a knowledge of the facts of this case.

WHEREFORE the premises considered, Defendants Rimkus Consulting Group, Inc., and J. Philip Wilbourn II, respectfully move this Honorable Court to strike the affidavit of James E. Laier.

Respectfully Submitted:

        PARTRIDGE, SMITH, P.C.
        Attorneys for Defendants
        RIMKUS CONSULTING GROUP, INC., and
        J. PHILLIP WILBOURN, II, P.E.

BY:    **/s/ Philip H. Partridge**
        PHILIP H. PARTRIDGE (PARTP2257)
        E-Mail: philpartridge@partridgesmith.com

BY:    **/s/ Bryan D. Smith**
        BRYAN D. SMITH (SMITB2009)
        E-Mail: bryansmith@partridgesmith.com
        Post Office Box 81429
        Mobile, Alabama 36689
        Telephone: (251) 338-0566
        Facsimile: (251) 338-0571

OF COUNSEL:
David A. Ward, Jr., Esq.
*Admitted Pro Hac Vice*
THE WARD LAW FIRM
10003 Woodloch Forest Drive, Suite 100
The Woodlands, Texas 77380

## Certificate of Service

I hereby certify that on this the 3 day of August, 2010, I have caused a copy of the foregoing document to be served on counsel for all parties to this action by electronically filing the same, which will send E-File notification to the following:

E.J. Saad, Esq.
James E. Atchison, Esq.
Matthew Andrews, Esq.
THE ATCHISON FIRM, P.C.
6207 Cottage Hill Road
Suite G
Mobile, Alabama 36609

Richard B. Garrett, Esq.
RUSHTON, STAKELY, JOHNSTON
 & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101

and by placing a copy of the same in the U.S. Mail, postage prepaid and addressed correctly to the following:

Erik P. Moore
5404 Rowe Trail
Pace, Florida 32571

/s/ Philip H. Partridge