IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SAINT JOSEPH BAPTIST CHURCH,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| v. | *  Civil Action No. CV-00132-KD-N |
| | * |
| **AMERICAN STATES INSURANCE** | * |
| **COMPANY, AMERICAN ECONOMY** | * |
| **INSURANCE COMPANY, RIMKUS** | * |
| **CONSULTING GROUP, INC., J. PHILLIP** | * |
| **WILBOURN, II, P.E., and ERIK P. MOORE,** | * |
| **Individually,** | * |
| | * |
|     **Defendants.** | * |

**PLEADING IN RESPONSE TO THE MOTION TO STRIKE
THE AFFIDAVIT OF JAMES E. LAIER**

Comes now Plaintiff Saint Joseph Baptist Church (Saint Joseph) and files this pleading in response to Rimkus Consulting Group, Inc.'s (Rimkus) and J. Phillip Wilbourn, II, P.E.'s (Wilbourn) motion to strike the affidavit of James E. Laier (Laier). (Doc. 47). On July 21, 2010 Saint Joseph filed its statement of objection to the Magistrate's Recommendation (Doc. 35), pleading in opposition to Rimkus' and Wilbourn's motion to dismiss (Doc. 37), and brief in support of the objection and pleading in opposition (Doc. 36).  In support of the pleading and objection, an affidavit from James E. Laier, P.E. (Laier) was attached to the brief. (Doc. 37-2). Rimkus and Wilbourn have objected to and moved to strike Laier's affidavit pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Evid. 702, and Fed. R. Civ. P. 56(e).  For reasons stated herein, the court should not strike the affidavit and should consider Laier's affidavit in its deliberation of the Statement of Objection to the Magistrates Recommendation and supporting brief.  In support, Saint Joseph shows the court as follows:

1

I.  **THE COURT SHOULD CONSIDER THE AFFIDAVIT OF JAMES E. LAIER, P.E. IN ITS REVIEW OF THE OBJECTION TO THE MAGISTRATES RECOMMENDATION.**

The standard of review for a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) requires that all questions of fact must be resolved in favor of the plaintiff and all of the allegations made in the complaint must be taken as true. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993); United States v. Gaubert, 499 U.S. 315, 327 (1991).

Saint Joseph has plead that Rimkus and Wilbourn breached the standard of care for engineers in Count 6 of complaint and these allegations must be taken as true under a Rule 12(b)(6) motion to dismiss. Tellabs, Inc., 551 U.S. at 322; Leatherman, 507 U.S. at 164; Gaubert, 499 U.S. at 327; (Doc. 1-4, ¶ 49-59). Saint Joseph submitted the Laier affidavit to add additional support to the allegations of the complaint and the statement of objection to the Magistrate's Recommendation. If materials outside the pleadings are not submitted with the Rule 12(b)(6) motions to dismiss, the motion is not converted to a Fed. R. Civ. P. 56 motion for summary judgment. Fed. R. Civ. P. 12(b). Since Rimkus and Wilbourn did not bring in materials outside the pleadings in support of their Rule 12(b)(6) motions, the Laier affidavit may be taken as a redundant evidentiary showing and not considered by the Court in considering the motions to dismiss. However, Laier's affidavit should be considered in the court's review of Saint Joseph's statement of objection to the Magistrate's Recommendation, as materials outside the pleadings, including affidavits, may be considered in motions to remand for lack of subject matter jurisdiction, if the affidavit is found to be sufficient under Rule 702. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 2010 U.S. App. LEXIS 11686 *25-29 (11th Cir. 2010); Miedema v.

Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2007); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Saint Joseph will not address the sufficiency of Laier's affidavit in the context of Fed. R. Civ. P. 56(e), due to the absence of the Rule 12 (b)(6) motion's conversion to a Rule 56 motion. However, Saint Joseph does contend that since Laier's affidavit meets the requirements of Fed. R. Evid. 702, as stated infra, Laier's affidavit also satisfies Fed. R. Civ. P. 56(e). Saint Joseph asks the court to deny the motion to strike as it pertains to Saint Joseph's Objection to the Magistrate's Recommendation. (Doc. 35).

II.  **JAMES E. LAIER, P.E. IS QUALIFIED UNDER FED. R. OF EVID. 702 TO TESTIFY AS AN EXPERT ON THE STANDARD OF CARE FOR ENGINEERS IN THE STATE OF ALABAMA AND SATISFIES THE REQUIREMENTS OF PERSONAL FACTUAL KNOWLEDGE SUFFICIENT TO SATISFY RULE 702.**

Fed. R. Evid. 702 states the relevant factors in addressing the issue of admissibility of expert testimony:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

The first element of Rule 702 is the qualification of the expert to give qualified opinions in the areas of inquiry he is offered. The area in which Laier is offered by Saint Joseph is as an expert on the standard of care for engineers in the State of Alabama in the employment of an insurance company or insured in the investigation of a building failure investigation. (Doc. 37-2). The motion to strike states that the affidavit does not set forth sufficient qualifications to qualify Laier as an expert witness on this area of testimony. (Doc. 47). Laier's affidavit sets out the following qualifications:

    a)    Laier is a licensed professional engineer in the State of Alabama;

    b)    Laier has practiced engineering in the State of Alabama for 46 years; and

    c)    Laier is currently employed as the Assistant Dean of Engineering and Associate Professor of Civil Engineering at the University of South Alabama (USA);

(Doc. 37-2). In addition to the qualifications stated in Laier's affidavit, Saint Joseph has attached Laier's curriculum vitae which states additional qualifications:

    a)    Laier obtained his Ph.D. in Civil Engineering from the University of Florida in 1973;

    b)    Laier was an adjunct professor with the Department of Civil Engineering at USA where he taught the course "Foundations Engineering" since 1986;

    c)    He is a licensed professional engineer in 11 states including: Alabama, Florida, Georgia, Louisiana, Mississippi, North Carolina, Pennsylvania, South Carolina, Tennessee, Texas and Virginia;

    d)    Laier was an engineer for the U.S. Army Corps Engineers for four years;

    e)    Laier is the founder, Chief Operating Officer and Principal Engineer for Southern Earth Sciences, a regional engineering firm and has been employed in that position since 1975;

    f)    Laier is experienced in environmental engineering, geotechnical engineering, and construction materials testing; and

    g)    Laier has numerous research publications in various engineering journals and periodicals.

(Pl. Ex. 1). Laier is an engineer by training, education, and licensure. (Doc. 37-2, Pl. Ex. 1). Laier has practiced engineering in the State of Alabama for 46 years and has vast experience in the practice of engineering in the State of Alabama and other states. (Doc. 37-2, Pl. Ex. 1). Laier is the Assistant Dean of Engineering and Associate Professor of Civil Engineering at the University of South Alabama, where he teaches students to become engineers. (Doc. 37-2, Pl. Ex. 1). Laier is qualified by his education, training and experience to testify as to standard of care for engineers in Alabama.

The second element of Rule 702 is that the testimony of the expert must be based upon sufficient facts or data. Fed. R. Evid. 702.  In the instant case, one of the crucial facts at issue in the complaint, Saint Joseph's Objection to the Magistrate's Recommendation, and Saint Joseph's Motions to remand, and the defendant's motions to dismiss, is whether Rimkus and Wilbourn violated the standard of care for engineers in the investigation and reporting of the Saint Joseph building failure. (Doc. 1-4, 12, 17, 33, 35, 36, 37).  Laier is a licensed engineer and is able to understand and apply his knowledge of engineering and the standard of care for the practice of engineering. (Doc. 37-2). Laier's affidavit discusses the appropriate relationship and duties of a professional engineer in Alabama to his client and the public, whether it be a insurance company or the insured. (Doc. 37-2). Laier's licensure, education, experience and training give him a sufficient factual basis to analyze the relationship between Rimkus/Wilbourn and the defendant insurance companies and testify as to the standard of care for engineers in that relationship. S. Elec. Corp. v. Utilis. Bd., 2009 U.S. Dist. LEXIS 8704 *8 (S.D. Ala. 2009); (Doc. 37-2).  Laier's testimony is based upon sufficient facts and data to meet the second element of Fed. R. Evid. 702.

The third and fourth elements of Fed. R. Evid. 702 are that the testimony of the expert witness must be based upon the application of reliable principles and methods to the facts of the case.  As recognized in S. Elec. Corp. v. Utilis. Bd., 2009 U.S. Dist. LEXIS 8704 (S.D. Ala. 2009),

> "Alabama law requires that expert testimony establish the appropriate standard of care that professionals such as architects and engineers must exercise. This standard is based upon the learning, skill, and care ordinarily possessed and practiced by those ordinarily skilled in that profession. When the engineers actions meet the standard of those skilled and experience in that profession, the engineer has met his responsibility."

S. Elec. Corp., 2009 U.S. Dist. LEXIS 8704 *8 (quoting Collins Co. v. Decatur, 533 So.2d 1127,

1134 (Ala. 1988).  Laier's education, training, and experience are a reliable basis for establishing, through testimony, the standard of care ordinarily possessed and practiced by engineers in Alabama.  <u>S. Elec. Corp.</u>, 2009 U.S. Dist. LEXIS 8704 *8.  As explained above and in his affidavit, he has applied his education, training and experience to state the standard of care for engineers employed by an insurance company or insured in the investigation of building failures such as the one at issue in this case. (Doc. 37-2). The third and fourth elements of Fed. R. Evid. 702 have been satisfied.  Laier's affidavit meets the standards of Fed. R. Evid. 702 and should be considered by the Court in its consideration of Saint Joseph's statement of objection to the Magistrate's Recommendation.

  WHEREFORE, Plaintiff prays the Court to deny Rimkus Consulting Group, Inc.'s and J. Phillip Wilbourn, II, P.E.'s motion to strike the affidavit of James E. Laier as it relates to Saint Joseph Missionary Baptist Church's Objection to the Magistrate's Recommendation and related motions.

               Respectfully submitted,

                /s/Matthew Andrews_____
               E. J. Saad
               Matthew Andrews
               Attorneys for Plaintiff

OF COUNSEL:
The Atchison Firm, P.C.
6207 Cottage Hill Road, Suite G
Mobile, Alabama  36609
Telephone Number - 251-660-0888
ej.saad@atchisonlaw.com
matt.andrews@atchisonlaw.com

CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the above and foregoing motion has been served upon counsel for all parties to the above-styled civil action on this 12th day of August, 2010, by electronically filing the same, which will send E-File notification to the following:

Philip H. Partridge, Esq.
Bryan D. Smith, Esq.
Partridge, Smith, P.C.
Attorneys for Defendants Rimkus Consulting Group, Inc., and
J. Phillip Wilbourne, II, P.E.
Post Office Box 81429
Mobile, Alabama  36689
philpartridge@partridgesmith.com
bryansmith@partridgesmith.com

David A. Ward, Jr.
The Ward Law Firm
10003 Woodloch Forest Drive, Suite 100
The Woodlands, Texas  77380

Richard B. Garrett, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama  36601

By U.S. Mail to:

Erik P. Moore
600 S. Barracks Street - Suite 220
Pensacola, Florida  32502

                                    s/Matthew Andrews_____
                                    Matthew Andrews